*850 OPINION.
Littleton:
The question presented in this appeal is whether the taxpayer and the other corporations mentioned were affiliated during the taxable year ending March 31, 1919. The facts show that the corporations involved had an identity of interest and an intertwining of relationships, a series of processes and requirements which, for successful operation, depended one upon the other; a *851 centralized management, a policy as to expenditures which disregarded corporate lines, all directed toward one end — the profitable operation of one business. These subsidiary corporations were so conducted as to make them merely instrumentalities or adjuncts of the parent corporation. The facts further show substantial ownership and control by the same interests. The minority holdings in all of the companies, with the exception of the Commercial Salt Co., were negligible, ranging from zero to 4.2 per cent. The exception, the Commercial Salt Co., where the minority is shown as 50 per cent, should not in our opinion be consolidated.
Under all of the evidence in this appeal, we are of the opinion that substantially all of the stock of the taxpayer, the San Francisco Salt Refinery, the Leslie Salt Co., the Acme Land Co., the Coast Investment Co., the Newark Land & Quarry Co., and the Dunbarton Land & Improvement Co., was owned or controlled by the same interests, and that the tax of these companies should be computed on the basis of a' consolidated return.